UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 16-CV-1661 (SRN/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Thomas Jensen, | |
| Defendant. | |

Defendant Thomas Jensen was previously convicted in federal court on counts of assault on a federal officer and mailing threatening communications. *See* Petition ¶ 2 [Doc. No. 1]. Jensen was sentenced to prison and a term of supervised release, which was later revoked after Jensen threatened staff members at a residential community corrections center. *See United States v. Jensen*, 583 F. App'x 558, 558 (8th Cir. 2014) (per curiam). As Jensen's term of imprisonment following revocation of supervise release neared completion, the government petitioned this Court pursuant to 18 U.S.C. § 4246 for a hearing on Jensen's mental condition. The Court concluded that, as a result of his mental capacity, release of Jensen to the community created a substantial risk of injury to others and ordered that Jensen be committed to the custody of the Attorney General under § 4246. Jensen was later conditionally released, but that conditional release was in turn revoked by this Court in February 2020. *See* Order of February 20, 2020 [Doc. No. 65].

This matter is now before the Court for consideration of a document filed by Jensen that — although labeled as a memorandum in opposition to the government's earlier (and long since adjudicated) motion for revocation of his conditional release — is more accurately characterized as a motion either for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), or as a petition for discharge pursuant to 18 U.S.C. § 4247(h). *See* Doc. No. 66. In his memorandum, Jensen argues that conditions at the facility where he is presently detained are unsafe due to the ongoing COVID-19 pandemic; he also argues that he no longer poses a risk to others. *Id*.

Jensen's motion is denied without prejudice. To the extent that Jensen is seeking release pursuant to § 3582(c)(1) based on health conditions at the facility where he currently resides, that statute permits a court only to "reduce [a] term of imprisonment." But Jensen is no longer subject to a term of imprisonment; he is subject to civil-detention order entered pursuant to § 4246. Section 3582(c)(1) is inapplicable to Jensen.

Even if that provision were applicable, however, Jensen has not adequately alleged that the conditions at the facility where he resides constitute a "extraordinary and compelling reasons" for his release. 18 U.S.C. § 3582(c)(1)(A)(i). Jensen argues that he does not believe the facility — the Federal Medical Center in Rochester, Minnesota — would be adequately prepared to treat him should he contract COVID-19, but Jensen provides no reason to believe this is true. Moreover, as noted last year at the time that Jensen's conditional release was revoked, "if he were released to his home at this time, Mr. Jensen's housing, financial resources, and access to healthcare would be entirely uncertain." Report and Recommendation of February 5, 2020, at 5 [Doc. No. 64]. That

2

Jensen is more likely to receive adequate medical treatment outside of his current facility is doubtful.

Jensen also argues that, regardless of the conditions at the facility where he resides, he should again be discharged because he no longer poses a risk to others. A person committed under § 4246 may file a petition for discharge pursuant to 18 U.S.C. § 4247(h), but the motion must be filed by "counsel for the person or his legal guardian." Jensen may not petition for discharge *himself*; he may do so only through a lawful representative. *See United States v. O'Laughlin*, 934 F.3d 840 841 (8th Cir. 2019); *United States v. Perales*, 826 F. App'x 578, 579 (8th Cir. 2020) (per curiam). Accordingly, insofar as Jensen seeks discharge under § 4247(h), the motion is denied without prejudice. That said, this Court will direct that a copy of Jensen's motion and this Order be mailed to Jensen's attorney of record in this matter for consideration of whether a petition for discharge under § 4247(h) would in fact be appropriate at this time.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion for compassionate release of defendant Thomas Jensen [Doc. No. 66] is DENIED WITHOUT PREJUDICE.

2. The Clerk of Court is directed to mail one copy of Jensen's motion [Doc. No. 66] and this Order to Jensen's attorney of record in this matter.

Dated: April 1, 2021   s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　　United States District Judge